W. H. Beckley, Appellee, v. S. H. Morton, Appellant.

1. FINDING OF COURT—*when not disturbed as against the evidence.* The finding of a court in an action tried without a jury is entitled to the same force and effect as is the verdict of a jury and will not be set aside on review unless clearly and manifestly against the weight of the competent evidence in the record.

2. FACTORS AND BROKERS—*what essential to recovery of real estate commissions.* In order to recover real estate commissions it must appear that the broker tendered a purchaser ready, will-

ing and able to purchase the property in question upon the terms proposed by the owner.

Action commenced before justice of the peace. Appeal from the Circuit Court of Randolph county; the Hon. CHAS. T. MOORE, Judge, presiding. Heard in this court at the August term, 1907. Affirmed. Opinion filed March 18, 1908.

McMURDO & McMURDO, for appellant.

A. RUSSELL, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

By writing of date August 9, 1905, appellee appointed and authorized appellant, as his agent, to sell certain described land owned by appellee. For securing a purchaser acceptable to appellee appellant was to have commission, five per cent. on the contract price. On February 17, 1906, appellant and G. H. Runyon entered into the following memorandum or agreement for sale of the land:

"Received of G. H. Runyon fifty dollars as earnest money and part purchase money on account of the purchase of the following described property, situated in the County of Randolph, State of Illinois, to wit: The northeast quarter of the northeast quarter of section three (3), township four (4), south of Range five (5) West 3d P. M., Randolph County, Illinois, which property is this day sold to G. H. Runyon for the total sum of eight hundred ($800) dollars, payable as follows: Four hundred ($400.00) dollars cash, balance four hundred ($400) dollars on or before three years at 6 per cent. with interest on deferred payments at the rate of six per cent. per annum, payable annually, said deferred payments to be secured by first mortgage on said premises. The title to said property to be perfect and to be conveyed by warranty deed free from liens and incumbrances, except taxes for the year 1906, payable in 1907 which the undersigned purchaser agrees to pay. If the title be found imperfect and cannot be perfected within a reasonable time, earnest money to

be refunded. The sale under this contract to be closed within 15 days from date or earnest money forfeited.

MARY A.
W. H. BECKLEY          (SEAL)
S. H. MORTON & Co.   (SEAL)
Agts.

Accepted on above terms and conditions.

G. H. RUNYON.

This receipt to be returned to office of S. H. Morton & Co. on closing sale. It is agreed that the following memorandum on this contract was to be part of this contract. It is agreed that the $50 earnest money is to be taken out of the contract."

Appellant told appellee that he had sold the land to Runyon and in a general way advised him of the terms of the sale. Appellee expressed himself as satisfied with what had been done if the sale was effective. Thereafter appellant directed and advised appellee in matters pertaining to the deal, such as clearing his title, forwarding an abstract, and the preparation and tender of deed in conformity with his part under the contract. The time limitation, fifteen days, within which the sale was to be closed, was not observed or insisted upon by either party. On request of appellant, and for his accommodation no less than for that of Runyon, the appellee consented to the postponement beyond the date fixed. In June, 1906, appellant directed appellee to prepare his deed to the land and also a note and mortgage to be executed by Runyon and wife, papers to be forwarded by appellant to a bank at West Point, Miss., where Runyon was supposed to have gone. Appellant sent the papers to the bank at West Point and notified Runyon to call there and close the deal by executing his note and mortgage and paying the balance due under the contract. It does not appear that Runyon was ever heard from, and later the bank returned the papers to appellant, who returned them to appellee. At the time the contract was made Runyon paid the earnest money to appellant.

When the papers were returned to appellee he demanded settlement of the fifty dollars earnest money. Appellant made a statement of account wherein he charged $40 commissions against the $50 received, and mailed to appellee a statement and check for the balance, $10. Appellee then brought suit before a justice of the peace to recover $40, less a five per cent. commission on $50, the sum received as earnest money, and obtained a judgment for $37.50. On appeal to the Circuit Court and a trial without a jury, a judgment in like sum was given against the appellant, from which an appeal was taken to this court.

No question of law is made by rulings of the trial court upon propositions held or refused, for none were submitted by either party, and it only remains for this court to determine whether or not the finding and judgment of the trial court was warranted by the evidence. In deciding that question the finding of the trial court, as is the verdict of a jury, is conclusive of the facts, unless there is such showing of record as will justify this court in saying that the judgment is manifestly against the weight and preponderance of the evidence. Appellant relies upon the general proposition that a broker is entitled to his commissions when he brings the purchaser and seller together under a binding written and enforceable contract, and for authority cites Wilson v. Mason, 158 Ill. 311. The reason for that rule being that the broker having furnished a purchaser which the seller accepts by entering into a contract with him, the duty of the broker is at an end, for it may then be held that he has fully performed what he agreed to do, and the seller, having accepted the purchaser, knowing all the facts, will not be heard thereafter to say that the purchaser was not ready, able and willing to perform his part. In such case the commissions have been earned and are due when the contract is entered into. The reason for the rule prevents its application in this case. The appellant never brought appellee and Runyon together in a written,

Beckley v. Morton.

binding and enforceable contract. He never relieved himself of his agency. He never turned over the contract, nor is it shown that appellee was advised of its terms and conditions except in a general way. Appellee never saw the contract and never spoke to Runyon. He was informed by appellant that he sold the land to Runyon, who paid fifty dollars earnest money, and this appellant retained. Thereafter, until Runyon disappeared, appellant assumed the duty and agency of effecting the contract pursuant to the memorandum made with Runyon. By his own conduct appellant interpreted the transaction as it was understood by appellee (who testifies thereto without objection), and that was, that the sale was not complete, a buyer furnished, or the commission earned until the deal was closed. The money received by appellant was in earnest of the bargain and should have been paid to appellee. Under the terms of the memorandum it rightly belonged to appellee on condition broken. It does not appear from this evidence that Runyon was at any time ready, able and willing to purchase the land upon the terms specified in the memorandum, nor is the appellee estopped from any fact appearing in evidence from denying that appellant furnished such purchaser. The judgment is affirmed.

*Affirmed.*